J-S21026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES NICHOLAS FREEMAN | : | |
| | : | |
| Appellant | : | No. 1435 WDA 2017 |

Appeal from the Order Entered September 8, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012814-2005

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    FILED MAY 01, 2018

James Nicholas Freeman (Appellant) appeals pro se from the order denying his "Petition for State Writ of [Habeas Corpus] Pursuant to 42 Pa.C.S.A. 6501 & 6502" (Habeas petition) as an untimely, fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 5, 2006, a jury convicted Appellant of one count of indecent assault - person less than 13 years of age, and three counts of corruption of a minor.[1]  The trial court sentenced Appellant to an aggregate term of five to ten years of incarceration.  Specifically, the court sentenced Appellant to four consecutive 15 to 30 month sentences for the single count of indecent assault and the three counts of corruption of a minor.  Appellant filed a direct appeal,

_____

[1]  18 Pa.C.S.A. §§ 3126(a)(7), 6301.

and this Court concluded that there was insufficient evidence to support Appellant's three convictions for corruption of a minor. See Commonwealth v. Freeman, 1561 WDA 2006 (Pa. Super. Aug. 4, 2008) (unpublished memorandum). Thus, this Court vacated Appellant's judgment of sentence and remanded the case for resentencing. On December 11, 2008, the trial court resentenced Appellant to a term of 15 to 30 months of incarceration on the remaining count of indecent assault. Appellant did not file a direct appeal and his judgment of sentence became final 30 days later in January of 2009. Appellant did however file a series of PCRA petitions that resulted in no relief.[2]

On August 28, 2017, Appellant filed the underlying pro se Habeas petition alleging the illegality of his sentence for indecent assault, and requesting either a new hearing on the matter, that his conviction be vacated, or that he be resentenced. The PCRA court treated Appellant's Habeas petition as a PCRA petition; on September 8, 2017, it denied the petition as untimely.

Appellant filed a timely pro se appeal to this Court and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court subsequently issued a Rule 1925(a) opinion.

_____

[2] Prior to filing the instant Habeas petition, Appellant filed three petitions seeking PCRA relief, all of which were dismissed by the PCRA court. This Court affirmed the PCRA court's denials of Appellant's first and second petitions, as evidenced by memoranda filed at 1613 WDA 2009 and 1533 WDA 2013. At 396 WDA 2016, this Court dismissed Appellant's appeal as to his third petition for failure to file a brief.

Appellant raises the following issues for our review:

1.      Should the Appellant['] [Habeas petition] be granted as that was the Appellant[']s only recourse [sic]?

2.      Should the lower court had of [sic] held a hearing, instead of just den[y]ing the Appellant[']s [Habeas petition] with no explanation?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant presents two distinct, but related issues.   First, Appellant argues that the trial court erred in treating his Habeas petition as a PCRA petition.   Second, Appellant contends that the trial court erred in denying his Habeas petition, which challenged the legality of his sentence for his indecent assault conviction, without a hearing.

It is well-settled that the PCRA is intended to be the sole means of obtaining post-conviction relief, and that the statute subsumes the writ of habeas corpus.   42 Pa.C.S.A. § 9542; Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa. Super. 2013).   "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition."   Taylor, 65 A.3d at 466 (internal citations omitted).   The PCRA expressly provides relief when a petitioner can plead and prove by a preponderance of the evidence "[t]he imposition of a sentence greater than the lawful maximum."   42 Pa.C.S.A. § 9543(a)(2)(vii).

Here, Appellant's sentencing challenge falls squarely within the scope of relief contemplated under the PCRA.   See id.   Accordingly, we hold that the

PCRA court properly treated Appellant's Habeas petition as his fourth PCRA petition.

Having concluded the PCRA to be Appellant's proper mechanism for collateral review of the legality of a sentence, we note that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." Taylor, 65 A.3d at 466. Instantly, Appellant acknowledges that his claims would be untimely under the PCRA, and that they would not fall within an enumerated exception under Section 9545(b)(1). Appellant's Brief at 6.

Jurisdiction is a threshold matter for whether we may review the merits of Appellant's claims under the PCRA.[3] "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)). A PCRA petition must be filed within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[3] Eligibility for relief under the PCRA is conditioned upon, in relevant part, the petitioner either currently serving a sentence of imprisonment, probation or parole for a crime, or serving a sentence which must expire before he may commence serving the disputed sentence. 42 Pa.C.S.A. § 9543(a)(1). While it is clear that Appellant is currently incarcerated, it is unclear from the certified record whether he is still serving time as a result of the sentence at issue in this case. If he is not still serving that sentence, he would not be eligible for PCRA relief.

> claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

We again note Appellant's concession that he "does not fit the time linefor [sic] the one year PCRA filing, nor does [sic] the claims fit under any of the PCRA exceptions. . . ." Appellant's Brief at 6 (unnecessary capitalization omitted). Thus, Appellant's petition is patently untimely, and we are without jurisdiction to consider its merits. See Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). We therefore affirm the order dismissing Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  May 1, 2018